UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA L. COSGROVE, | Case No. EDCV 16-2551 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

## I. SUMMARY

On December 12, 2016, plaintiff Christina L. Cosgrove filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 14, 2016 Case Management Order ¶ 5.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 11, 2013, plaintiff filed an application for Supplemental Security Income alleging disability beginning on August 22, 2012, due to tendinitis in both elbows, diabetes, high blood pressure, and asthma. (Administrative Record ("AR") 34, 189, 208). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 29, 2015. (AR 52-86).

On June 29, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 34-47). Specifically, the ALJ found: (1) plaintiff suffered from severe impairments of tendinitis of both elbows, status post bilateral elbow surgeries in 2012, and cervical spine radiculopathy (AR 36), and nonsevere impairments including a medically determinable mental impairment of pain disorder with psychological factors (AR 37); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 39); (3) plaintiff retained the residual functional capacity to perform a range of light work (20 C.F.R. § 416.967(b)) with additional limitations[2] (AR 39); (4) plaintiff was unable to perform any past relevant work (AR 45); (5) there are jobs that exist in significant numbers in the national economy that

---

[2]Specifically, the ALJ determined that plaintiff could (i) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) stand and/or walk for six hours out of an eight-hour workday with regular breaks; (iii) sit for six hours out of an eight-hour workday with regular breaks; (iv) occasionally climb ladders, ropes, and scaffolds; (v) frequently perform pushing and pulling with the upper extremities; (vi) frequently use hand controls bilaterally; (vii) frequently climb ramps and stairs; and that plaintiff (viii) needed to avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, poor ventilation, and hazards. (AR 39).

2

plaintiff could perform (AR 46); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were less than fully credible (AR 40, 42).

On October 18, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

burden of proof at step five – *i.e.*, establishing that claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

///
///
///

## C. Evaluation of Impairment Severity (Step 2)

Step two of the sequential evaluation process functions as "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). To proceed beyond step two, a claimant essentially must present evidence that he or she has a medically determinable physical or mental impairment which is severe, and which has lasted (or can be expected to last) for a continuous period of twelve months or more. 20 C.F.R. § 416.920(a)(4)(ii); see Bowen v. Yuckert, 482 U.S. 137, 148 (1987); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (citing Social Security Ruling 96-3p); Averbach v. Astrue, 731 F. Supp. 2d 977, 981 (C.D. Cal. 2010) (citations omitted). An impairment may be deemed "not severe" only when it involves a "slight abnormality" that has "no more than a minimal effect" on a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a) (1991); Webb, 433 F.3d at 686 (9th Cir. 2005) (citations omitted); Bowen, 482 U.S. at 153-54 & n.11 (Social Security claimants must make "*de minimis*" showing that impairment interferes with ability to engage in basic work activities) (citations omitted; emphasis in original). When reviewing an ALJ's findings at step two, the district court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." Webb, 433 F.3d at 687 (citing Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

When determining at step two whether a plaintiff's mental impairment is severe, an ALJ must evaluate the four broad functional areas known as "paragraph B" criteria, namely (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.

20 C.F.R. § 416.920a(c)(3). If the degree of limitation in the first three functional areas is "none" or "mild," and there are no episodes of decompensation, a plaintiff's mental impairment is generally found "not severe" unless there is evidence indicating a more than minimal limitation in the plaintiff's ability to perform basic work activities.[3] See 20 C.F.R. § 416.920a(d)(1) (2011).

## IV. DISCUSSION

Here, after the ALJ issued his decision, plaintiff presented new medical opinion evidence – which the Appeals Council made part of the Administrative Record when deciding whether to grant plaintiff's request for review – including (1) a Medical Source Statement of Ability to Do Work-Related Activities (Mental) dated November 13, 2015 from Mr. Franklin Tse, PA-C – a treating certified physician's assistant ("Tse Statement"); and (2) an Evaluation Form for Mental Disorders dated March 31, 2016 from Ms. Mindy Richard – a licensed clinical social worker ("Richard Statement") (collectively "new evidence"). This Court also must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error. See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1162-63 (9th Cir. 2012); Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (citation omitted). Plaintiff argues that in light of such new evidence the ALJ's step two determination that plaintiff's mental impairment was nonsevere is no longer supported by substantial evidence. (Plaintiff's Motion at 5-11). A reversal or remand is not warranted on the asserted basis.

First, substantial evidence supports the ALJ's step two determination. Here, the ALJ found no limitations in plaintiff's activities of daily living and social functioning, only mild limitation in plaintiff's concentration, persistence, and

---

[3]Basic mental work activities include (1) understanding, carrying out, and remembering simple instructions; (2) responding appropriately to supervision, co-workers and usual work situations; and (3) dealing with changes in a routine work setting. See 20 C.F.R. § 416.921.

6

pace, and no episodes of decompensation. (AR 37-38). Therefore, the ALJ properly concluded that plaintiff did not have a severe mental impairment. See 20 C.F.R. § 416.920a(d)(1) (2011). In addition, the ALJ relied on Dr. M. Skopec, the state agency medical consultant on reconsideration, who noted that, although plaintiff had not originally alleged a mental impairment, an August 20, 2013, psychological evaluation prepared by Wolfgang A. Klebal, Ph.D. (which included a mental status evaluation of plaintiff) reflected the plaintiff had a nonsevere mental impairment. (AR 38, 103, 826-27). Dr. Skopec's opinion constituted substantial evidence supporting the ALJ's decision since it was consistent with independent medical evidence in the record, specifically Dr. Klebal's independent examination of plaintiff. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings).

Plaintiff suggests that Dr. Skopec's opinion was not substantial evidence because Dr. Skopec had been unable to consider the report of a subsequent consultative examination of plaintiff which noted a "history of depression [and] mood swings." (Plaintiff's Motion at 9) (citing AR 966). However, there is no dispute that plaintiff has a medically determinable mental impairment in the first instance. (Plaintiff's Motion at 9). Moreover, plaintiff does not persuasively explain how such mental health diagnoses suggest any mental limitations that were not already accounted for in the ALJ's B Criteria findings, or otherwise reflect a more than minimal limitation in the plaintiff's ability to perform basic mental work activities.

The ALJ also considered evidence of plaintiff's apparent failure fully to follow recommended psychological treatment. (AR 38). Plaintiff argues that the ALJ failed properly to develop the medical record of plaintiff's mental impairments in this respect because "[t]he ALJ never asked . . . why [plaintiff] never saw someone for her depression or mental impairments or why she never

7

went back after August 2013 evaluation [as recommended]." (Plaintiff's Motion at 11). However, an ALJ's duty to develop the record is not triggered unless "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) (footnote citations omitted). Here, plaintiff points to no such ambiguity or inadequacy of the record that plausibly triggered the ALJ's duty as plaintiff contends.

The opinions expressed in the Tse Statement and Richard Statement do not undercut the ALJ's findings at step two. For example, it does not appear that Mr. Tse or Ms. Richard had any basis for providing a medical opinion regarding plaintiff's mental condition at any point on or before the date of the ALJ's decision. Cf. Brewes, 682 F.3d at 1162 (Appeals Council only required to consider new evidence that "relates to the period on or before the date of the administrative law judge hearing decision") (citation omitted); 20 C.F.R. § 416.1470(b) (same). For example, plaintiff points to nothing in the record which plausibly suggests that Mr. Tse treated plaintiff for mental health issues in any material way, much less did so in any manner as to support the Medical Source Statement he prepared almost five months *after* the ALJ issued his decision. (AR 859). In fact, medical records suggest that Mr. Tse, and the medical group with which he was apparently affiliated, primarily treated plaintiff only for physical impairments. (AR 717-46, 817-23, 845-53). In addition, the Tse Statement appears to reflect opinions about plaintiff's present mental abilities at the time the report was prepared, not retrospectively. (AR 857-59). Similarly, the Richard Statement clearly reflects that Ms. Richard first examined plaintiff over six months *after* the date of the ALJ's decision, and that Ms. Richard had provided her evaluation of plaintiff's mental condition only three months after that. (AR 970-73). In addition, plaintiff has not shown, and the above evidence does not suggest, that the opinions of either medical provider reflect any mental impairment which

met the duration requirement (*i.e.*, an impairment which lasted or is expected to last for a continuous period of at least 12 months). See 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.909.

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 31, 2017

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE